Mr. Richard S. Amari Cocoa City Attorney Mariner Square, Suite 302 96 Willard Street Cocoa, Florida 32922-7998
Dear Mr. Amari:
As city attorney for the City of Cocoa, you have asked substantially the following question:
Is the City of Cocoa required to follow the requirements of section 180.24, Florida Statutes, if the city has a separate, general legislative grant of authority to provide water distribution and sewer services outside municipal boundaries?
In sum:
To the extent the City of Cocoa has relied on chapter 180, Florida Statutes, to provide municipal works within and outside the city limits, it is bound by the requirements of section 180.24, Florida Statutes, relating to construction contracts. However, if the city has acted independent of chapter 180, Florida Statutes, relying instead on chapter 57-1232, Laws of Florida, for its authority to provide municipal works extraterritorially, the requirements of the statute are not applicable.
Your inquiry appears to relate to projects extending water mains and water distribution systems outside the city limits of the City of Cocoa, and the operation of a sewage disposal system within and outside the city. However, your question is not limited to a particular project, the details of which you have provided for our review. Therefore, my comments will be of a general nature.
Chapter 180, Florida Statutes, authorizes municipalities to provide municipal public works outside their corporate boundaries. Among the activities authorized by chapter 180, Florida Statutes, are providing a water supply for domestic, municipal or industrial uses and providing for the collection and disposal of sewage and other liquid wastes.[1] Incidental powers are also specifically provided: "And incidental to such purposes and to enable the accomplishment of the same, to construct reservoirs, sewerage systems, trunk sewers, intercepting sewers, pumping stations, wells, siphons, intakes, pipelines, distribution systems, purification works, collection systems, treatment and disposal works[.]"[2]
Section 180.24, Florida Statutes, requires municipalities utilizing the provisions of this chapter to advertise by publication those construction contracts that are in excess of $2,000. Notice must be published in a newspaper for a period of two consecutive weeks, or notice may be posted in various places in the municipality. A 10-day period must elapse between the first date of publication or posting and the date of receiving bids and the execution of contract documents.[3] The statute also requires that all contracts for the purchase, lease or rental of materials or equipment to be used in chapter 180 projects be in writing.[4]
The power granted by chapter 180, Florida Statutes, is by its terms "in addition to but not in limitation of any of the powers heretofore or hereafter granted to municipalities now existing or hereafter created."[5] Thus, there is no mandate that municipalities utilize the provisions of this chapter but, in the absence of any other grant of power to a municipality to provide municipal public works extraterritorially, chapter 180, Florida Statutes, provides such authority.
Chapter 57-1232, Laws of Florida, provides the City of Cocoa extraterritorial powers substantially similar to those granted generally to municipalities in chapter 180, Florida Statutes. The special act authorizes the City of Cocoa to extend its water mains and water distribution system outside the city into certain unincorporated areas of Brevard County. The city is also authorized to construct, maintain, and operate a sewage disposal system or systems within the city and maintain and operate such systems outside the city limits in certain parts of the county. These powers are limited to a particular geographical area set forth in the act.[6]
Clearly these two legislative grants of authority serve similar purposes: Both grant municipalities authority to extend certain municipal public works outside their corporate boundaries. However, as this office has previously determined, reliance on chapter 180, Florida Statutes, for such authority requires adherence to the other terms of that chapter.[7]
In a 1992 Attorney General's Opinion issued to you on behalf of the City of Cocoa, this office stated that a city that relies on chapter 180, Florida Statutes, for authority to provide a municipal public works system is bound by those guidelines set forth in that chapter for the regulation of other aspects of the system. In Attorney General's Opinion 92-18, the City of Cocoa asked whether section 180.191, Florida Statutes, which limits the rates municipal public works may charge consumers outside the city limits for water and sewer services, applies to rates charged by the city to non-municipal users of water supplied from the city's water reclamation facilities. In that opinion we advised you that a municipality that relies on chapter 180, Florida Statutes, for its authority to extend such services extraterritorially is bound by the provisions of section 180.191, Florida Statutes, in setting rates for such services outside its corporate boundaries.
It is clear that the City of Cocoa has utilized the provisions of chapter 180, Florida Statutes, in the past to provide municipal public works extraterritorially. To the extent this was the case on any particular project, the city is bound by the provisions of section 180.24, Florida Statutes, which impose certain requirements on contracts for construction.
Therefore, it is my opinion that to the extent that chapter 180, Florida Statutes, has been utilized by the City of Cocoa to provide extraterritorial public works systems, section 180.24, Florida Statutes, would apply to contracts for construction within such systems. However, if the City of Cocoa has developed other systems relying on the powers granted by chapter 57-1232, Laws of Florida (1957), the requirements of section 180.24, Florida Statutes, would not apply to those particular projects.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 180.06(3) and (4), Fla. Stat. (1993). Mr. Richard S.
[2] Section 180.06(6), Fla. Stat. (1993).
[3] Section 180.24(1), Fla. Stat. (1993).
[4] Section 180.24(2), Fla. Stat. (1993).
[5] See, s. 180.21, Fla. Stat. (1993).
[6] Chapter 57-1232, s. 1, at 691, Laws of Florida, provides that the "City of Cocoa shall not extend its water mains and water distribution system or operate said system north of the north line of township twenty-three (23) or south of the south line of township twenty-six (26) in Brevard County, Florida, nor within the corporate limits of any other municipality now existing in Brevard County, Florida, without the consent of such municipality. "
[7] See, Op. Att'y Gen. Fla. 92-18 (a municipality that provides reclaimed water to customers outside the city limits and relies on Ch. 180, Fla. Stat., for its authority to extend such services extraterritorially is bound by the provisions of s. 180.191, Fla. Stat., in setting rates for such services outside its corporate boundaries).